JAMES SUTHERLAND, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28999. Promulgated November 3, 1930.

*L. F. Reinhard, C. P. A.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

BLACK: In this proceeding the petitioner, who is a practicing physician and surgeon, residing in Spokane, Wash., is seeking a redetermination of his income tax liability for the calendar year 1923, for which year the respondent has determined a deficiency in the amount of $1,154.47. The petition alleges that the respondent erred in disallowing a statutory net loss in excess of income for the year 1922 as a deduction from income for the year 1923, based upon the following facts:

1. Taxpayer sustained a loss in excess of his income for the year 1922 to the amount of $16,676.26, which he deducted from his income for the calendar year 1923, which was disallowed.

2. Taxpayer contends that his dealings in stocks, bonds and investments are of a sufficient magnitude to constitute business regularly carried on under section 204 of the Revenue Act of 1921, and as such is entitled to said deduction.

The respondent in his answer denied all of the above alleged facts.

At the hearing petitioner offered testimony showing that he had some $350,000 invested in real estate, oil and mining investments and that he took an active part in the management of some of the corporations in which he was interested, being president of two, treasurer of one and a director in a number of other corporations; that he spent considerable time away from his professional duties in the consideration of problems arising from these various investments, and that from 1907 to 1917 he was making investments in the company, the stock of which he sold in 1922 at a loss of $37,000.

Section 204 of the Revenue Act of 1921 provides that if it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss in a prior year, the amount of this net loss shall be allowed as a deduction in computing the net income for the next succeeding taxable year and the term net loss is defined in section 204 (a) as follows:

SEC. 204. (a) That as used in this section the term "net loss" means only net losses resulting from the operation of any trade or business regularly carried on by the taxpayer (including losses sustained from the sale or other disposition of real estate, machinery, and other capital assets, used in the conduct of such trade or business); and when so resulting means the excess of the deductions allowed by section 214 or 234, as the case may be, over the sum of the following: (1) the gross income of the taxpayer for the taxable year, (2) the amount by which the interest received free from taxation under this title exceeds so much of the interest paid or accrued within the taxable year on indebtedness as is not permitted to be deducted by paragraph (2) of subdivision (a) of section 214 or by paragraph (2) of subdivision (a) of section 234, (3) the amount by which the deductible losses not sustained in such trade or business exceed the taxable gains or profits not derived from such trade or business, (4) amounts received as dividends and allowed as a deduction under

paragraph (6) of subdivision (a) of section 234, and (5) so much of the depletion deduction allowed with respect to any mine, oil or gas well as is based upon discovery value in lieu of cost.

Since the respondent in his answer has denied all of the facts alleged in the petition, the burden of proving these facts was placed on the petitioner. The record contains no evidence in regard to the petitioner's income and deductions for the year 1922, except as to the one loss he claims to have incurred on the stock in 1922. Without such evidence there is no basis upon which we can compute the statutory net loss, if any, to be carried forward into 1923. In *B. Estes Vaughan*, 15 B. T. A. 596, in considering a similar situation, we said:

The statute requires the Board to determine the amount of the deficiency. It has consistently refused to pass upon questions of law where the facts are insufficient to permit it to dispose of the issues raised. * * * The situation presented is not one of those contemplated by Rule 50 for the recomputation of the deficiency; it is a vital defect, since the amount of the loss and of the net loss, if any, must be proven before we can determine the issues which are framed by the pleadings.

See also *Roy C. Clark*, 19 B. T. A. 736.

On account of the lack of proof in regard to the petitioner's income and deductions for the year 1922, we are not in a position to determine whether or not petitioner sustained a net loss in 1922 which, under the statute, may be carried forward into 1923.

*Judgment will be entered for the respondent.*